IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-03184

MALIBU MEDIA LLC,

    Plaintiff,
     v.

HESKIN, JAMES,
    Defendant.

---

**CIVIL SCHEDULING ORDER**

---

**1. DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL**

The Scheduling Conference is set for 9:45am on May 13, 2014 in Courtroom A-501, on the fifth floor of the Alfred A. Arraj United States Courthouse located at 901 19th Street, Denver, Colorado before Magistrate Michael E. Hegarty. Plaintiff **Malibu Media** is represented by Jason Kotzker, of The Kotzker Law Group, located at 9609 South University Boulevard, #632134, Highlands Ranch, CO 80163, telephone: (303) 875-5386. Defendant **James Heskin** is represented by Christina E. Saunders, of Sparkman Foote Minor LLP, located at 1616 17th Street, Suite 370, Denver, Colorado 80202.

**2. STATEMENT OF JURISDICTION**

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (district courts having subject matter jurisdiction over matters dealing with a federal question) and 28 U.S.C. § 1338 (district courts having subject matter jurisdiction over matters dealing with patents, copyrights, and trademark.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff: Plaintiff has sued Defendant for direct copyright infringement of twelve (12) of Plaintiff's copyrighted movies, pursuant to 17 U.S.C. §§106 & 501, based on Defendant's alleged actions of illegally downloading Plaintiff's works.

b. Defendant: Defendant has answered Plaintiff's Amended Complaint, and pled affirmative defenses as set out in Defendant's Answer.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Defendant James Heskin resides at 2477 Glencoe Court, Centennial, CO 80122

### 5. COMPUTATION OF DAMAGES

c. Damages: Plaintiff has not yet determined actual damages or any additional profits made by Defendant. Pursuant to 17 USC §504(a)-(c), Plaintiff may seek statutory damages. Defendant reserves the right to a jury trial on any counter claims and the issue of statutory damages pursuant to Feltner v.

        Columbia Pictures Television, 523 U.S. 340, 355.

d.  Other Relief: Plaintiff also seeks to enjoin Defendant from infringing Plaintiff's works, and that Defendant permanently remove Plaintiff's works from their possession.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)

a.  Defendant provided this document to Plaintiff via E-mail with the request that plaintiff review the document and contact Defendant's counsel to discuss any proposed changes, comments, or questions in advance of the filing deadline.

b.  The Rule 26(f) meeting occurred on April 22, 2014 telephonically.

c.  Jason Kotzker represented Plaintiff and Christina Saunders represented James Heskin.

d.  Rule 26(1) disclosures will be exchanged on or before **June 13, 2014.**

e.  The parties do not propose any changes to the timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

f.  The parties do not have any agreements to conduct informal discovery.

g.  The parties do not have any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

h.  The parties do anticipate that their claims or defenses will involve extensive electronically stored information, and that a substantial amount of disclosure

or discovery will involve information or records maintained in electronic form.

    i. *In such cases, the parties must indicate what steps they have taken or will take to (I) preserve electronically stored information; (ii) facilitate discovery of electronically stored information; (iii) limit the associated discovery costs and delay; (iv) avoid discovery disputes relating to electronic discovery; and (v) address claims of privilege or of protection as trial- preparation materials after production of computer-generated records. Counsel should describe any proposals or agreements regarding electronic discovery made at the Rule 26(f) conference and be prepared to discuss issues involving electronic discovery, as appropriate, at the Scheduling Conference.*

    ii. *When the parties have their Rule 26(f) meeting, they must discuss any issues relating to the disclosure and discovery of electronically stored information, including the form of*

    iii. *production, and also discuss issues relating to the preservation of electronically stored information, communications, and other data. At the Rule 26(f) meeting, the parties should make a good faith effort to agree on a mutually acceptable format for production of electronic or*

    iv. *computer-based information. In advance of the Rule 26(f) meeting, counsel carefully investigate their client's information management systems so that they are knowledgeable as to its operation, including how*

4

*information is stored and how it can be retrieved.*

i. Defendant has made several attempts to settle this matter with Plaintiff, and in doing so, has offered Plaintiff exculpatory evidence and the ability to access Defendant's electronic capable devices, but to date, Plaintiff and Defendant have not reach mutually acceptable settlement terms. The parties believe that early neutral evaluation or a settlement conference facilitated by this Court would help parties in promptly settling this case without incurring further unnecessary cost and expense.

## 7. CONSENT

Although Plaintiff has requested it, Defendant does not consent to trial before the Magistrate Judge.

## 8. DISCOVERY LIMITATIONS

a. The parties anticipate no more than 25 interrogatories and 10 depositions per side including experts.

b. The parties anticipate that the length of depositions will be no longer than 7 hours.

c. The parties anticipate no more that 25 requests for production and/or requests for admission per party.

d. The parties do not have any other recommendation for other planning or discovery orders at this time.

## 9. CASE PLAN AND SCHEDULE

    **a.**    Deadline for Joinder of Parties and Amendment of Pleadings: **September 1, 2014** with the caveat that pleadings can be amended as necessary to be consistent with facts uncovered through discovery.

    b.    Discovery Cut Off: **January 15, 2015.**

    c.    Deadline to propound paper discovery:  **December 1, 2014.**

    d.    Dispositive Motion Deadline: **March 15, 2015.**

    e.    Expert Witness Disclosures:

        1.    The parties anticipate two expert witnesses per party without leave of the Court.

        2.    The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. Pro. 26 (a)(2) on or before **December 10, 2015.**

        3.    The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. Pro 26(a)(2) on or before **January 10, 2015.**

        4.

    f.    Identification of Persons to Be Deposed:

        1.    The parties anticipate deposing each other.

        2.    Plaintiff anticipates deposing any person that may have had access to Defendants' Internet service.

3. Defendant anticipates deposing agents and affiliates of Plaintiff including Plaintiff's third-party settlement negotiators and agents, in addition to representatives of IPP, including Tobias Fieser, Brigham and Colette Field.

4. All depositions, including experts, shall be completed by January 15, 2015.

### 10. DATES FOR FURTHER CONFERENCES

a. An early neutral evaluation will be held on _____ at _____o'clock____m.

   (  ) Pro se parties and attorneys only need to be present.

   (  ) Pro se parties, attorneys, and client representatives must be present.

   (  ) Each party shall submit a Confidential Settlement Statement to the Magistrate Judge on or before _____ outlining the facts and issues, as well as the strengths and weaknesses of their case.

b. Status conferences will be held in this case at the following dates and times:

   _____

c. A final pretrial conference will be held in this case on _____ at _____ o'clock m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

### 11. OTHER SCHEDULING MATTERS

a. There are no discovery or scheduling issues which counsel after a good faith effort, were unable to reach an agreement at this time.

b. Parties anticipate the trial will last no longer than 3 days; Plaintiff has demanded a trial by jury.

c. Parties do not believe that any pretrial proceedings may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of

any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

### 13.  AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this _____ day of _____, 2014.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

/s/ Jason A. Kotzker  
Jason Kotzker  
Kotzker Law Group  
9609 South University Boulevard  
#632134  
Highlands Ranch, CO  80163  
Telephone: (720) 330-8329  

*Attorney for Plaintiff*

/s/ Christina E. Saunders_____  
Christina Saunders  
Sparkman Foote Minor LLP  
1616 17th Street, Ste. 370  
 Denver, CO 80202  
Telephone: (303)396-0270  

*Attorney for Defendant*